IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01048-BNB

CAROLE E. JENKINS, also known as
CAROLE JENKINS BOLLINGER, also known as
CAROLE JENKINS, and [on behalf of]
STEVEN N. BOLLINGER, Deceased,

    Plaintiff,

v.

JUDGE STEPHEN PATRICK, 7th Judicial District,
MONTROSE COUNTY COLORADO STATE COURT GUARDIANSHIP,
UNKNOWN [ILLEGIBLE] MANAGER,
SHIRLS KAISER, Guardian,
CHERYL ISREAL, Temporary Guardian,
GREG MOXLEY, Montrose County Attorney,
SHEA KOPP, Court-Appointed Attorney,
JACK MCKENNA, CPA Conservator,
UNKNOWN COURT VISITOR, and
UNKNOWN MAGISTRATE JUDGE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 8 2008

GREGORY C. LANGHAM
                     CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

Plaintiff, Carole E. Jenkins, also known as Carole Jenkins Bollinger and as Carole Jenkins, submitted to and filed with the Court a complaint on her behalf and on behalf of her deceased husband, Steven N. Bollinger. Pursuant to Rule 17 of the Federal Rules of Civil Procedure, Ms. Jenkins, as personal representative for her deceased husband, may proceed in her own name.

The Court reviewed the complaint Ms. Jenkins filed and determined it was deficient. Therefore, in an order filed on May 20, 2008, Magistrate Judge Boyd N.

Boland directed the clerk of the Court to commence a civil action and directed Ms. Jenkins to cure certain deficiencies in the case within thirty days if she wished to pursue her claims.

The May 20, 2008, order pointed out that Ms. Jenkins failed either to pay the $350.00 filing fee or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The May 20 order also pointed out that the names in the caption to the complaint do not match the names in the text of the complaint and that Ms. Jenkins failed to provide an address for each named Defendant. The order warned Ms. Jenkins that if she failed to cure the designated deficiencies within thirty days, the complaint and the action would be dismissed without prejudice and without further notice.

On June 18, 2008, Ms. Jenkins submitted to and filed with the Court via facsimile a motion and affidavit pursuant to 28 U.S.C. § 1915 and two copies of an amended complaint. The amended complaints are illegible in places and violate D.C.COLO.LCivR 5.1 because they are longer than ten pages. On June 20, 2008, Ms. Jenkins submitted to and filed conventionally with the Court a second amended complaint with numerous attachments. Although the second amended complaint submitted on June 20 is legible, it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

In the second amended complaint, Ms. Jenkins fails to assert a basis for federal court jurisdiction. She fails to assert clear and succinct claims. Instead, she apparently expects the Court and the defendants to sift through her handwritten pages to determine her claims, and to speculate who is being sued for what and how her rights

have been violated. That is not the Court's job. It is Ms. Jenkins' responsibility to present her claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Neither the defendants nor the Court is required to do this work for her. Ms. Jenkins must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.

The third amended complaint Ms. Jenkins will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

3

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Ms. Jenkins "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1164 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Carole E. Jenkins, file **within thirty (30) days from the date of this order** a third amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the third amended complaint shall be titled "Third Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Jenkins, together with a copy of this order, two copies of the following form for use in submitting the third amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Jenkins fails to file a third amended complaint that complies with this order to the Court's satisfaction within the time allowed, the

second amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 8th day of July, 2008.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01048-BNB

Carole E. Jenkins
PO Box 1522
Grand Junction, CO 81502

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 7/8/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk